UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

D. BRYCE DAVIS,

        Plaintiff,

  v.

MEQUON POLICE DEPARTMENT,

        Defendant.

Case No. 20-cv-1359-pp

---

**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S AMENDED MOTION TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 5) AND ALLOWING PLAINTIFF TO FILE A SECOND AMENDED MOTION OR PAY THE FILING FEE**

---

On May 12, 2021, the court denied the plaintiff's original motion to proceed without prepaying the filing fee in Davis v. Zuckerberg, Case No. 20-cv-780, noting that in each of the plaintiff's eight cases it needed additional information to rule. Zuckerberg, Case No. 20-cv-780, dkt. no. 5 at 1 (the eight cases are Davis v. Zuckerberg, Case No. 20-cv-780; Davis v. Yahoo Corporate Headquarters, Case No. 20-cv-789; Davis v. Twitter, Case No. 20-cv-999; Davis v. United States Marine Corps, Case No. 20-cv-1125; Davis v. United States Dept. of the Navy, Case No. 20-cv-1146; Davis v. The Department of Defense, Case No. 20-cv-1261; Davis v. The Department of Justice, Case No. 20-cv-1275; Davis v. The Mequon Police Department, Case No. 20-cv-1359). The court instructed the plaintiff to either pay the filing fee or file an amended motion containing the information the court needed. Id. at 1-2.

1

The plaintiff filed identical amended motions in each of his eight cases; the motion in this case is at Dkt. No. 5. The amended motions suffer from the same deficiencies as his original motions. The plaintiff has left blank or omitted information requested in most areas of the form, leaving the court to speculate on his monthly income and expenses. As explained below, the court will deny without prejudice the plaintiff's amended motion and give the plaintiff a final opportunity to file an amended motion to proceed without prepaying the filing fee.

The plaintiff attached to his motion pages of exhibits. These documents are not relevant to his ability to pay the filing fee; they relate to the allegations in his complaints. The court will not consider those attachments at this time.

To allow the plaintiff to proceed without prepaying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i). The plaintiff indicates that he is now employed by Ascension Columbia St. Mary's Hospital Ozaukee and makes $13.00 per hour. Dkt. No. 5 at 2. He does not indicate how many hours he works each week or provide his monthly income—he simply gives his hourly wage. He also indicates that he has two dependents that he supports, but he does not state how much he provides in support each month. Id. at 1. He wrote "N/A" when asked about his rent or mortgage, car payments, alimony or child support and credit card payments. Id. at 2. Yet, he also states that he does not own a home. Id. at 3. He says that his household expenses

vary, but provides no information to give the court a sense of generally how much he spends each month, and he indicates that he has no monthly expenses than those specifically asked about on the form. Id. at 2-3. Where the form asked for his total monthly expenses, the plaintiff wrote "not sure." Id. at 3. His motion indicates that he has a checking account with USAA, but he does not state the balance in that account or whether he has other accounts. Id. The plaintiff says he does not own a car or any other property of value. Id. at 3-4.

The court is unable to determine from this information the plaintiff's monthly income and expenses. The court will require the plaintiff to file a second amended motion stating whether he is currently working and, if so, the amount of his *monthly* income; explaining why he says he has no expenses related to housing (most people must pay either rent or a mortgage payment— is he living with family? Homeless? Living in a shelter?) and updating his financial information. Along with this order, the court is sending the plaintiff a blank Non-Prisoner Request to Proceed in District Court without Prepaying the Filing Fee; he should write the words "second amended" at the top of the first page and use the form to provide current information. The plaintiff must fill in *each line* of the form with accurate information so that the court can understand his actual income and expenses. The plaintiff's original motion listed amounts that he paid in child support as well as his medical, phone and grocery costs. Dkt. No. 2 at 2. It also listed his checking account balance at the time—$1,500. Id. at 3. The plaintiff should include the current amounts for these items in his second amended motion. If the plaintiff does not provide the

3

court with the required information, the court will be unable to grant the plaintiff's motion and will require the plaintiff to pay the full filing fee to avoid having his case dismissed.

The court again advises the plaintiff the he owes the full fees in each of the eight cases he has filed even if the court eventually grants one or more of the motions to proceed without prepaying the filing fee. Every person a court allows to proceed without prepaying the filing fee is "liable for the full fees," because "all [28 U.S.C.] § 1915(a) does for any litigant is excuse the *pre-payment* of fees." Robbins v. Switzer, 104 F.3d 895, 898 (7th Cir. 1997) (emphasis added); see also Rosas v. Roman Catholic Archdiocese of Chi., 748 F. App'x 64, 65 (7th Cir. 2019) ("Under 28 U.S.C. § 1915(a), a district court may allow a litigant to proceed 'without prepayment of fees,' but not without ever paying fees."). This means that if the plaintiff chooses to proceed with all eight cases, he will owe approximately $3,200 in filing fees. If the plaintiff does not wish to be liable for the filing fees in all eight cases, he may file a motion to voluntarily dismiss one or more of the cases.

The court **DENIES WITHOUT PREJUDICE** the plaintiff's amended motion for leave to proceed without prepaying the filing fee. Dkt. No. 5. By the end of the day on **March 14, 2022**, the plaintiff either must file a second amended motion to proceed without prepaying the filing fee or pay the $400 filing fee to the Clerk of Court.[1] The plaintiff must either file the second

---

[1] The current filing fee is $402 but when the plaintiff filed this case, the fee was $400. See wied.uscourts.gov/district-court-fee-schedule.

amended motion or pay the filing fee in time for the court to *receive* it by the end of the day on March 14, 2022. If, by the end of the day on March 14, 2022, the court has not received either (1) a second amended motion to proceed without prepaying the filing fee, (2) the full $400 filing fee or (3) a motion to voluntarily dismiss the case, the court may dismiss the case for the plaintiff's failure to diligently prosecute it. Civil Local Rule 41(c) (E.D. Wis.).

Dated in Milwaukee, Wisconsin this 11th day of February, 2022.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**